# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| RICHARD MORGAN KINNEY, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>AROOSTOOK COUNTY JAIL, NURSE )<br>ALISON OUELETT, AND )<br>CORRECTIONS OFFICER THORN, )<br>)<br>    Defendants )<br>) | Civil No. 1:21-cv-00093-LEW |

### DEFENDANTS ALISON WILLETTE AND RONALD OLDFIELD'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME Defendants Alison Willette, RN, CCHP and Ronald Oldfield, PA[1], by and through undersigned counsel, Thompson Bowie & Hatch LLC, and answer Plaintiff's Complaint (ECF No. 1) as follows:

### FORM USED BY A PRISONER IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983, WITH JURISDICTION UNDER 28 U.S.C. § 1343

#### I.   Previous Lawsuits[2]

Defendants Willette and Oldfield are without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained in Section I of Plaintiff's

---

[1] Ronald Oldfield, PA is not included as a defendant in the caption, but is identified as an additional defendant in Section III of the Complaint.

[2] To the extent that section headings are provided in the Court's civil complaint form, those headings are repeated herein solely for the Court's ease of reference, and do not connote admission of any fact alleged or implied by those headings.  If the section headings are intended to serve as an allegation of fact, any such allegation is denied.

1

Complaint regarding Previous Lawsuits, and, therefore, deny those allegations.

## II.   Place of Present Confinement

Defendants Willette and Oldfield are without sufficient information or knowledge to form a belief as to the truth of the allegations regarding the Plaintiff's present place of confinement set forth in Section II, Page 2 of Plaintiff's Complaint. (ECF No. 1; Page ID #2) and, therefore, deny those allegations. At all times relevant to the matters set forth in the Complaint, Defendants Willette and Oldfield acknowledge Plaintiff was confined to the Aroostook County Jail.

A. Defendants Willette and Oldfield are without sufficient information or knowledge to form a belief as to the truth of the allegations regarding the grievance procedure at the Washington County Jail, but admit that the Aroostook County Jail has a grievance procedure.

B. Defendants Willette and Oldfield are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Section II, Paragraph B of Plaintiff's Complaint, and, therefore, deny those allegations.

C. Defendants Willette and Oldfield are without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained in Section II, Paragraph C of Plaintiff's Complaint, and, therefore, deny those allegations.

## III.   Parties

A. Defendants Willette and Oldfield admit that Richard Morgan Kinney is the Plaintiff in this action as set forth in Section III, Paragraph A on Page 2 of Plaintiff's Complaint, but are without sufficient information with which to form a belief as to the truth of the remaining allegations and, therefore, deny those allegations

B. Defendants Willette and Oldfield admit that Defendant Willette has been named as a defendant in this action, although the spelling of her name is incorrect, and that she serves as the

Nursing Supervisor for MedPro Associates at the Aroostook County Jail as set forth in Section III, Paragraph B on Page 2 of Plaintiff's Complaint.

      C.     Defendants Willette and Oldfield admit that Ronald Oldfield, PA, has been named by Plaintiff as an additional Defendant in this action as set forth in Section III, Paragraph C on Page 3 of Plaintiff's Complaint (ECF No. 1; Page ID #3), as have the Aroostook County Jail and Corrections Officer Thorn.

### IV.    Statement of Claim

Defendants Willette and Oldfield deny Plaintiff's allegations that he has been denied adequate medical care. At all times relevant to Plaintiff's Complaint, the health care rendered to Plaintiff by Defendants Willette and Oldfield was reasonable, timely and appropriate.

Plaintiff's Statement of Claim does not contain separate paragraphs regarding the allegations raised against the named Defendants. Many of the allegations contained in the Statement of Claim do not concern Defendants Willette and Oldfield, but rather concern other named Defendants or Third Parties, and therefore, do not require a response.

To the extent the Statement of Claim raises allegations against Defendants Willette and Oldfield, each and every such allegation is specifically denied.

### V.    Relief

Section V on Page 3 Plaintiff's Complaint is a prayer for relief to which no response is required.

To the extent Section V contains allegations against Defendants Willette and Oldfield, those allegations are specifically denied.

WHEREFORE, Defendants Willette and Oldfield respectfully request that all relief requested by the Plaintiff be denied and that Defendants Willette and Oldfield be awarded

judgment on the Plaintiff's Complaint and their costs, attorneys' fees, and other such relief as the Court deems just and proper.

## Demand for Jury Trial

Defendants Willette and Oldfield respectfully demand a jury trial pursuant to Fed.R.Civ.P.38(b).

## Affirmative and Other Defenses

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. At all times relevant to Plaintiff's Complaint, the health care rendered to Plaintiff by Defendants Willette and Oldfield was reasonable, appropriate, adequate and timely.

3. The Plaintiff has failed in his duty to mitigate his damages and, therefore, the Plaintiff is barred from recovery against Defendants Willette and Oldfield.

4. The conduct of Plaintiff was the sole or contributing cause of his damages.

5. Plaintiff's claims are barred or reduced based on his comparative fault.

6. Plaintiff's damages, if any, are the result of intervening or superseding events, which bar or reduce his claims.

7. Any negligence, which specifically is denied, occurred as a result of the acts or omissions of third parties over whom Defendants Willette and Oldfield had no control.

8. The allegations raised by Plaintiff and the injuries of which the Plaintiff complains were not caused by any conduct on the part of Defendants Willette and Oldfield, but assert conduct by third parties over which Defendants Willette and Oldfield exercised no control.

9. The Plaintiff's claims are barred by the doctrines of absolute and/or qualified immunity.

10. Plaintiff's claims are barred for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act of 1995, codified at 42 U.S.C. § 1997e(a), prior to initiating his present claim.

11. The conduct of Defendants Willette and Oldfield violated no clearly established constitutional rights of the Plaintiff.

12. The actions of Defendants Willette and Oldfield did not rise to the level of deliberate indifference to Plaintiff's serious medical needs.

13. The actions of Defendants Willette and Oldfield were at all times conducted in good faith and without knowledge that any of their conduct violated any clearly established statutory or constitutional rights of the Plaintiff.

14. The conduct of the Defendants Willette and Oldfield was not arbitrary or unreasonable.

15. The injuries of which the Plaintiff complains were not caused by any policy, custom, or by deliberate indifference on the part of Defendants Willette and Oldfield.

16. Defendants Willette and Oldfield did not act with concert of action or plan, or take overt steps to deny Plaintiff his constitutionally protected rights.

17. Defendants Willette and Oldfield were not the moving force behind any claimed injuries to the Plaintiff.

WHEREFORE, Defendants Willette and Oldfield respectfully request that all relief requested by the Plaintiff be denied and that Defendants Willette and Oldfield be awarded

judgment on the Plaintiff's Complaint and their costs, attorneys' fees, and other such relief as the Court deems just and proper

Dated this 9th day of July, 2021 at Portland, Maine.

*/s/ Elizabeth K. Peck*
Elizabeth K. Peck, Esq.
Attorney for Defendants Alison Willette, RN, CCHP and Ronald Oldfield, PA

**THOMPSON BOWIE & HATCH LLC**
415 Congress Street, 5th Floor
P.O. Box 4630
Portland, Maine 04112
(207) 774-2500
epeck@thompsonbowie.com

## CERTIFICATE OF SERVICE

      I hereby certify that on July 9, 2021, I electronically filed with the Clerk of Court using the CM/ECF system Defendants Alison Willette and Ronald Oldfield's Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for a Jury Trial. The Court will send a notification of such filing to any and all counsel of record. A copy of the Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial was deposited on this date, via U.S. Mail, to:

      Richard Morgan Kinney
      MDOC #56372
      Maine Correctional Center
      17 Mallison Falls Rd.
      Windham, ME 04062

Dated: July 9, 2021

                      */s/ Elizabeth K. Peck*
                      Elizabeth K. Peck, Esq.
                      Attorney for Defendants Alison Willette,
                      RN, CCHP and Ronald Oldfield, PA

**THOMPSON BOWIE & HATCH, LLC**
415 Congress Street, Fifth Floor
P.O. Box 4630
Portland, Maine  04112
(207) 774-2500
epeck@thompsonbowie.com