UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| RICHARD MORGAN KINNEY, ) ) Plaintiff, ) ) v. ) ) AROOSTOOK COUNTY JAIL, ) *et al.*, ) ) Defendants. ) | No. 1:21-cv-00093-LEW |

**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

This matter is before the Court on Plaintiff's Motion for Reconsideration (ECF No. 47), which I treat as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), *see, e.g.*, *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 998 F.3d 35, 40 (1st Cir. 2021). Plaintiff asks me to reconsider my order granting summary judgment in favor of Defendants and denying his request for a continuance. Plaintiff presents a moving case on the merits. But because Plaintiff's arguments do not address the core finding of my prior order—that he had failed to exhaust the administrative remedies available to prisoners and so could not bring this case—I deny his motion for reconsideration.

The reconsideration of a prior judgment is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (cleaned up). Motions to alter or amend a judgment "are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision

was based on a manifest error of law or was clearly unjust." *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009).

I construe Plaintiff's motion as an argument that my prior order manifestly erred in finding that Aroostook County Jail's ("Jail") grievance appeals process was available to him.[1] Such a motion can succeed only on a showing that the court "has patently misunderstood" a party's arguments or "has made an error not of reasoning but apprehension." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 82 (1st Cir. 2008) (cleaned up). A "motion for reconsideration "is not an appeal," *Olmedo-Serrano v. Sec'y Pennsylvania Dep't of Corr.*, 684 F. App'x 260, 264 (3d Cir. 2017), and "is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly," *Vega v. Hernández*, 381 F. Supp. 2d 31, 36 (D.P.R. 2005).

Here, Plaintiff's principal argument is that the Jail made its grievance appeals process functionally unavailable to prisoners by creating a grievance form that lacks a field for entering an appeal and by failing to provide clear instructions for filing an appeal. *See* Pl.'s Mot. 6 (ECF No. 47). I considered, and expressly rejected, this argument in my prior order granting summary judgment in Defendants' favor. *See* Order 9–10 (ECF No. 45). As I explained at the time, the Jail's procedures for appealing a grievance are straightforward, easily comprehensible, and available for any prisoner to review. *See* Internal Grievance Procedure 2 (ECF No. 31-4) (stating that an inmate "may appeal" the resolution of a

---

[1] Plaintiff devotes the bulk of his motion to arguments about the merits of his case, explaining why he thinks he would prevail at trial, what key pieces of evidence he would present to a finder of fact, and why an attorney would be helpful in crafting his argument. As I explained in my prior order, I do not address the merits of Plaintiff's case because Plaintiff may not commence a lawsuit involving the conditions of his confinement until he has exhausted all available administrative remedies. *See* 42 U.S.C. § 1997e(a). Accordingly, I take no position as to whether Defendants violated Plaintiff's civil rights.

grievance "to the Sheriff within 10 days of receipt"). Nor has Plaintiff presented any evidence that the Jail intentionally withheld an appeal field from the grievance form in an effort to "thwart inmates from taking advantage of [the] grievance process." *Ross v. Blake*, 578 U.S. 632, 644 (2016). Asking prisoners to file their own grievance appeals without the benefit of a dedicated form may well be unhelpful; but it is not unlawful. In short, Plaintiff has not persuaded me that my decision to grant summary judgment in favor of Defendants was manifestly erroneous.

For the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 47) is DENIED.

**SO ORDERED.**

Dated this 9th day of May, 2022.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE
